UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AAi.FOSTERGRANT, INC., Plaintiff, v. ROBERT GOOLD, Defendant. | ) | CA 05 350S Civil Action No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

This action is for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff AAi.FosterGrant ("Foster Grant") for its Complaint against Defendant Robert Goold ("Goold"), states and alleges as follows:

**PARTIES**

1. Foster Grant is a Rhode Island corporation, with its principal place of business in Smithfield, Rhode Island, and is the retailer of, among other goods, Foster Grant sunglasses throughout the United States and the world.

2. Upon information and belief, Goold is a resident of San Diego, California.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a).

4. On information and belief, Goold, both personally and through his authorized agents, has sufficient contacts with Rhode Island to subject him to personal

jurisdiction in this Court, and the amount in controversy is sufficient to invoke this Court's jurisdiction.

5. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(a).

## FACTUAL BACKGROUND

6. In or about November 2000, Foster Grant and Goold entered into a license agreement under which Goold would sit for a photo shoot for Foster Grant sunglasses, and allow Foster Grant to use his likeness on hang tags, header cards, and other advertising and promotional materials in connection with the sale of Foster Grant sunglasses throughout the United States and the world.

7. Despite an unintegrated writing that stated that the license covered a period of one year, it was understood that the use of the photographs could extend beyond the end of 2001, and that such extended usage would be compensated at the previously agreed rate. In reliance on this agreement, Foster Grant continued to use the photographs after the end of 2001.

8. On or about June 12, 2003, Foster Grant and Goold confirmed a further extension of said license agreement for the period of at least January 1, 2003 to December 30, 2003 for an annual usage fee of $4,500. Consistent with the understanding of the parties as aforesaid, in these discussions, Goold requested, and Foster Grant provided, compensation for a prior period of use at the previously agreed rate.

9. A true and correct copy of a "Usage Fee Confirmation," confirming in part that extension of the license agreement, is attached hereto as Exhibit A and incorporated herein by reference. The Usage Fee Confirmation was prepared and drafted by Goold's

agent, Ford Models, and all ambiguities in the initial license agreement and the Usage Fee Confirmation will and should be construed against Goold.

10. Foster Grant understood that the same agreement regarding extended use past the end of the year as described in Paragraph 7 above was also implied in, and understood by the parties to be part of, the arrangement made in 2003.

11. In reliance on the agreement of Goold as affirmed by his conduct and the conduct of his agent, Foster Grant has used Goold's likeness and photograph on hang tags and header cards for certain of its sunglasses continuously since 2001. Further, Foster Grant has either paid, or offered payment, for all such use at the previously agreed rate. However, contrary to the prior course of dealing between the parties, Goold has recently refused to accept such offer, in abrogation of the understanding and agreement of the parties, and instead demanded an exorbitant and unconscionable payment as further described below.

12. An actual controversy has now arisen and exists between Foster Grant and Goold concerning their respective rights and obligations in that Foster Grant contends: (a) it has an agreed or implied continuing right to use Goold's likeness in connection with the sale of Foster Grant sunglasses; (b) that this matter is governed by Rhode Island law, not California law; and, (c) that California Civil Code § 3344 regarding the use of another's likeness or photograph does not apply to this multi-state usage of Goold's likeness or photograph.

13. Foster Grant is informed and believes that Goold disputes these contentions and contends: (a) that Foster Grant was prohibited from using Goold's likeness or photograph in connection with the continued sale of Foster Grant sunglasses after

December 30, 2003; (b) that there is no actual or implied agreement for a continued use subject to payment of the annual usage fee; (c) that there is no reasonable sell-off period for continued usage of Goold's likeness or photograph on existing or pre-ordered inventory; (d) that Foster Grant must immediately cease using Goold's likeness and photograph nationwide, and immediately recall all existing sunglass products and advertisements in retail outlets that include Goold's likeness and photograph at a major expense and cost to Foster Grant; (e) that this dispute is governed by California, not the law of Rhode Island or the law of any other jurisdiction; and (f) that California Civil Code § 3344 governs this dispute.

14. Foster Grant desires a judicial determination of its rights and duties under the license agreement, and the Usage Fee Confirmation, between Foster Grant and Goold, and a declaration as to: (a) which party's interpretation of the parties' license agreement, including the Usage Fee Confirmation, is correct; (b) which party's choice of law position is correct; and (c) whether and to what extent California Civil Code § 3344 applies to this multi-state matter and dispute.

15. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Foster Grant may ascertain its rights and obligations under the parties' agreement, the Usage Fee Confirmation, and at law, and because Goold and his representatives are demanding an exorbitant and unconscionable payment for said continued use based on the assumption that California Civil Code § 3344 regarding the use of another's likeness and photograph governs this dispute.

16. Foster Grant also contends, and requests a judicial determination, that Goold is estopped and barred under the equitable and legal doctrines of laches, unclean

hands, waiver and estoppel from asserting the above-described claims against Foster Grant because Gould, his agent Ford Models, and his other representatives, waited over one and one-half years to make said claims, while Goold and his agent Ford Models obviously knew that Foster Grant continued to use Goold's likeness and photograph in connection with the nationwide sale of Foster Grant sunglasses.

**COUNT I**
**Declaratory Judgment**

17. Foster Grant restates and incorporates the allegations contained in Paragraphs 1 through 16 as if fully stated herein.

18. This action involves an actual controversy, as the Declaratory Judgment Act defines that term.

19. This Court should declare that:

(a) Foster Grant has not breached its license agreement with Goold for the use of his likeness or photograph;

(b) this matter and dispute is governed by Rhode Island law, not California law;

(c) California Civil Code § 3344 does not apply wholly or in part to this multi-state usage of Goold's likeness or photograph; and,

(d) that Goold's claims against Foster Grant are barred under the equitable and legal doctrines of laches, estoppel, waiver and unclean hands.

**WHEREFORE**, Foster Grant prays for judgment as follows:

1. For a declaration that; (a) Foster Grant has not breached its license agreement with Goold for the use of his likeness or photograph; (b) this matter and dispute is governed by Rhode Island law, not California law; (c) California Civil Code § 3344 does

not apply wholly or in part to this multi-state usage of Goold's likeness or photograph; and (d) that Goold's claims against Foster Grant are barred under the equitable and legal doctrines of laches, estoppel, waiver and unclean hands;

2. For costs and fees, including reasonable attorneys' fees, for the suit herein incurred; and,

3. For such other and further relief as the Court may deem just and proper.

**AAi.FOSTERGRANT, INC.**

By its attorneys,

Patricia A. Sullivan (#2120)
Armando E. Batastini (#6016)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)